**Felipe Alvarez MARANAN; Josefina Natividad Maranan Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–71589, 03–71590.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Allen W. Hausman, Attorney, Thomas C. Lederman, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Felipe Alvarez Maranan and Josefina Natividad Maranan, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") denial of their applications for asylum, withholding of deportation and removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1105a, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), and 8 U.S.C. § 1252. We review for substantial evidence and will uphold the determination unless the evidence compels a contrary result. *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

The petitioners waived all contentions pertaining to the BIA's denial of their CAT claim because they did not challenge it in their petition for review. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) ("Issues raised in a brief

---

that are not supported by argument are deemed abandoned.").

Substantial evidence supports the BIA's determination that the petitioners were not eligible to receive asylum or withholding of deportation and removal because they did not present evidence indicating they were persecuted or that they feared future persecution in the Philippines on account of an enumerated ground. *See Kozulin v. INS*, 218 F.3d 1112, 1117 (9th Cir.2000).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 901 (9th Cir.2004) (order), Mr. Maranan's voluntary departure period will begin to run upon issuance of this court's mandate.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749 (9th Cir.2004), Mrs. Maranan's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was not opposed by the government, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.